IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**WEST VIRGINIA RIVERS COALITION, INC.,**

    **Plaintiff,**

v.                                               Civil Action No. 2:24-cv-00701

**THE CHEMOURS COMPANY FC, LLC,**

    **Defendant.**

### CHEMOURS' MOTION FOR A SHORT EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

On February 25, 2025, plaintiff West Virginia Rivers Coalition, Inc. ("Plaintiff") filed a Motion for a Preliminary Injunction and supporting memorandum of law (collectively, "Motion"). ECF Nos. 7 and 8. Currently, defendant The Chemours Company FC, LLC's ("Chemours") response is due on March 11, 2025. Chemours moves the Court for an Order extending its response deadline by 14 days to March 25, 2025 and extending Plaintiff's reply deadline to April 1, 2025.[1]

In support of its motion, Chemours states as follows:

1. This is a citizens' suit for alleged violations of the Clean Water Act, 33 U.S.C. § 1251, *et seq.* (the "CWA"). *See* Compl.[2]

2. Plaintiff is a nonprofit corporation with approximately 1,000 members. Compl. ¶ 9.

3. Chemours is a chemical company, and it owns and operates the Washington Works chemical plant Washington, West Virginia. Compl. ¶ 7.

---

[1] Plaintiff declined Chemours' request for a 14-day extension.

[2] "Compl." means or refers to Plaintiff's Complaint for Declaratory Judgment and Injunctive Relief and for Civil Penalties, ECF No. 1.

4. In this case, Plaintiff contends that over the past five years, and in violation of the CWA, Chemours has had numerous discharges from its Washington Works plant that exceeded the effluent limitations in its NPDES permit. Plaintiff seeks both civil penalties against Chemours, along with declaratory and injunctive relief. Compl. ¶¶ 24-35.

5. On April 26, 2024, Plaintiff mailed its 60-day notice of the violations and its intent to file suit in letters addressed to Chemours, the United States Environmental Protection Agency, and the West Virginia Department of Environmental Protection, as required by Section 505(b)(1)(A) of the CWA, 33 U.S.C. § 1365(b)(1)(A). Compl. 4.

6. Plaintiff then waited 225 days to file its complaint in this case—Plaintiff did not file its complaint until December 5, 2024.

7. Plaintiff also did not hastily serve its complaint. The summons was issued on December 5, 2024, *see* ECF No. 2, but Plaintiff did not serve the West Virginia Secretary of State (as Chemours' agent) until January 15, 2025. *See* ECF No. 4.

8. In its Motion, Plaintiff asks the Court to "issue a preliminary injunction that prohibits Chemours from violating its permit limits for HFPO-DA at Outlets 002 and 005 by any means necessary, including (1) reducing the production that generates process wastewater containing HFPO-DA, and/or (2) sending that wastewater off-site for disposal by deep-well injection or incineration." ECF No. 7.

9. Plaintiff's Motion (including its supporting memorandum of law) and the exhibits attached thereto consist of more than 900 pages. ECF Nos. 7 and 8. And Plaintiff's Motion raises complex legal and factual issues concerning whether Plaintiff has Article III representational standing to sue on behalf of its member; whether Plaintiff's member has suffered an actual or threatened injury in fact; whether Plaintiff's member's injuries are fairly traceable to Chemours'

conduct; whether Plaintiff's member's injuries are redressable by a favorable judicial ruling; whether Plaintiff is likely to succeed on the merits; whether Plaintiff's member or the environment are likely to suffer irreparable harm without an injunction; whether the balance of equities favors Plaintiff; and whether a preliminary injunction is in the public interest.

10. Simply put, 14 days (which is the period of time within which Chemours must file its response under the Local Rules) is not enough time to address all of the complicated legal and factual issues raised by Plaintiff's Motion.

11. Plaintiff has not acted like time is of the essence  With its its CWA 60-day notice of intent to sue on April 26, 2024, Plaintiff could have filed its complaint on June 25, 2024, but it waited until December 5, 2024 to file its complaint.  Then Plaintiff waited a full month to have Chemours served.  Accordingly, the 14 days extension Chemours seeks here will not prejudice or harm Plaintiff.

For the above-stated reasons, Chemours respectfully requests that the Court enter an Order extending Chemours' deadline to respond to the Motion by 14 days to March 25, 2025, and extending Plaintiff's reply deadline to April 1, 2025.

**THE CHEMOURS COMPANY FC, LLC**

**By Spilman Thomas & Battle, PLLC**

/s/ James A. Walls
David L. Yaussy, Esq. (WV Bar No. 4156)
Joseph C. Unger, Esq. (WV Bar No. 3699)
SPILMAN THOMAS & BATTLE, PLLC
300 Kanawha Boulevard, East
Charleston, WV 25301
dyaussy@spilmanlaw.com

3

>James A. Walls, Esq. (WV Bar No. 5175)
>SPILMAN THOMAS & BATLE, PLLC
>48 Donley Street, Suite 800
>Morgantown, WV 26501
>jwalls@spilmanlaw.com

21730992