UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**WEST VIRGINIA RIVERS**
**COALITION, INC.,**

    **Plaintiff,**

v.　　　　　　　　　　　　　　　　　　　　　　　Civil Action No. 2:24-cv-00701

**THE CHEMOURS COMPANY FC, LLC,**

    **Defendant.**

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO EXTEND TIME

By Defendant's own admissions, it is discharging unlawful quantities of toxic "forever chemicals" into the Ohio River—a source of domestic water for millions of downstream households. ECF Nos. 7-1, 7-10. Because every other pathway to near-term compliance appears blocked, Plaintiff filed a Motion for Preliminary Injunction in this matter on February 25, 2025. ECF No. 7. Plaintiff filed that particular motion at that particular time because of emergent circumstances since the complaint was filed. Specifically, (1) Plaintiff learned in late January that Defendant's PFAS releases at the end of 2024 corresponded to spikes in PFAS concentrations in the source water for the cities of Cincinnati, Ohio, and Louisville, Kentucky; (2) Defendant submitted a permit application to the West Virginia Department of Environmental Protection ("WVDEP") in December 2024 seeking an additional three-years to comply with its permit limits on PFAS; and (3) settlement negotiations between the United States and Defendant are in abeyance after the Trump EPA froze environmental enforcement in January 2025 and the leadership in the U.S. Department of Justice's Environment and Natural Resources Division was reassigned. See ECF No. 8 at 7–8.

On February 27, 2025, Defendant filed a motion to double the time allotted by the Local Rules for the filing of a response to Plaintiff's motion. ECF No. 9. For the following reasons, the Court should deny that motion.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 6(b)(1) gives district courts the discretion to extend the time to complete an act "for good cause."[1] "What constitutes good cause sufficient to justify the modification of a [deadline] necessarily varies with the circumstances of each case." 6A Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 1522.2 (3d ed. 2019). At minimum, "good cause" requires the party seeking relief to show that the deadlines cannot reasonably be met despite the party's diligence. Cook v. Howard, 484 F. App'x 805, 815 (4th Cir. 2012) (unpublished opinion).

## ARGUMENT

As the Seventh Circuit has observed, "[t]he flow of cases through a busy district court is aided, not hindered, by adherence to deadlines." Spears v. City of Indianapolis, 74 F.3d 153, 157 (7th Cir. 1996). This Court has set a default rule for motions practice that requires responses to motions—of all kinds—be filed within 14 days of the date of service of the motion. Local Rule 7.1(a)(7). To obtain an extension here, Defendant must show that it cannot meet that 14-day deadline, even assuming its diligence. Cook, 484 F. App'x at 815. Defendant has failed to carry that burden.

Defendant cites the number of pages submitted with Plaintiff's motion ("more than 900") and implies that volume presents an obstacle to its timely response. ECF No. 9. But Local Rule 7.1(a)(7) provides no exception for responses to motions with voluminous exhibits. And Defendant has not established that the volume of pages would prevent it from meeting the 14-day deadline. Indeed, it cannot. The overwhelming majority of the pages Plaintiff submitted consist of Defendant's Clean

---

[1] Defendant may not be able to avail itself of any leniency under that standard by failing to raise it. See Collins v. Thornton, 782 F. App'x 264, 266 (4th Cir. 2019) (unpublished opinion).

Water Act permits and related documents (ECF No. 7-5 (140 pages), ECF No. 7-6 (185 pages), ECF No. 7-8 (3 pages), ECF No. 7-9 (3 pages), and ECF No. 7-26 (24 pages)), documents from Defendant's December 2024 permit renewal application (ECF No. 7-3 (11 pages), ECF No. 7-4 (33 pages), ECF No. 7-13 (16 pages), ECF No. 7-14 (12 pages), and ECF No. 7-21 (6 pages)), its discharge monitoring report submissions to WVDEP (ECF No. 7-1 (17 pages), ECF No. 7-10 (20 pages), and ECF No. 7-29 (6 pages)), the administrative order it signed with EPA and correspondence between Chemours and EPA regarding that order (ECF No. 7-18 (49 pages), ECF No. 7-16 (121 pages), and ECF No. 7-19 (4 pages)), pages from its own website (ECF No. 7-15 (3 pages)), other documents generated by or for Defendant (ECF No. 7-17 (11 pages) and ECF No. 7-25 (32 pages)), and the notice letter Plaintiff sent to Defendant in April 2024 (ECF No. 7-22 (12 pages)). In total, at least 708 of the "more than 900 pages" associated with Plaintiff's motion are unquestionably familiar to Defendant and should present nothing new or surprising. Accordingly, the volume of pages submitted with the motion should not be a barrier to a diligent litigant's compliance with the Local Rules of this Court.

Defendant also cites "complex legal . . . issues" such as Plaintiff's likelihood of success on the merits and Plaintiff's standing to justify its request for an extension. ECF No. 9 at 2–3. But the Clean Water Act imposes strict liability, making "[e]nforcement … easy and inexpensive because evidence of violations must be compiled and documented by the permit holders themselves." Ohio Valley Envtl. Coalition v. Bluestone Coal Corp., No. 1:19-cv-576, 2020 WL 4284804, at *5 (S.D. W. Va. July 27, 2020); see also Ohio Valley Envtl. Coalition v. Hobet Min., LLC, 723 F. Supp. 2d 886, 896 (S.D. W. Va. 2010) (recognizing that, to determine liability under the Clean Water Act "[a]ll the court . . . is called upon to do is compare the allowable quantities of pollution listed in the permits with the available statistics on actual pollution"). Thus, whether Plaintiff will prevail on the merits is hardly a complex legal question.

As for standing, "an identifiable trifle, if actual and genuine, gives rise to standing." Friends of the Earth, Inc. v. Gaston Copper Recycling Corp., 204 F.3d 149, 156 (4th Cir. 2000) (en banc) (quoting Conservation Council of N.C. v. Costanzo, 505 F.2d 498, 501 (4th Cir. 1974)). Here, there is more than a mere trifle—at least one of Plaintiff's members is connected to a domestic water supply whose quality is directly influenced by Defendant's discharges. ECF No. 7-20.

Questions of standing in citizen suits are nearly always resolved as undisputed questions of fact at summary judgment, and frequently on the basis of affidavits from citizen plaintiff's members. See, e.g., Ohio Valley Envtl. Coalition v. Fola Coal Co., LLC, 274 F. Supp. 3d 378, 384–87 (S.D. W. Va. 2017). And declarations at the preliminary injunction stage are evidentiarily appropriate. G.G. ex rel. Grimm v. Gloucester Cty. Sch. Bd., 822 F.3d 709, 725 (4th Cir. 2016), vacated on other grounds and remanded, 580 U.S. 1168 (2017); CSS, Inc. v. Herrington, No. 2:16-cv-01763, 2017 WL 3381444, at *5 (S.D. W. Va. Aug. 4, 2017) (adhering to G.G. ex rel. Grimm after vacatur and remand). Courts must be wary of efforts to give "standing questions . . . a complicated life of their own," lest it "throw federal legislative efforts to control water pollution into a time warp by judicially reinstating the previous statutory regime in the form of escalated standing requirements." Gaston Copper, 204 F.3d at 163. Accordingly, a diligent litigant should be able to respond to a citizen suit standing argument within the period allowed by the Local Rules.

Unable to establish that it cannot meet the prescribed deadline, Defendant spends much of its motion to extend time lobbing accusations of delay. ECF No. 9 at 2–3. But Defendant misses the target. "[A] plaintiff need not challenge an illegal act immediately after it happens; it may wait until it can estimate whether the act threatens it with irreparable harm." Steves & Sons, Inc. v. JELD-WEN, Inc., 988 F.3d 690, 718 (4th Cir. 2021) (internal quotation omitted). Plaintiff acted reasonably in waiting to pursue injunctive relief until the circumstances established that federal and state enforcers would not diligently put an end to Defendant's unlawful discharges, that Defendant sought at least

4

three additional years to come into compliance, and that recent spikes in HFPO-DA discharges from Defendant's facilities were showing up in the domestic water source for millions of people hundreds of miles downstream. See, e.g., Lanin v. Borough of Tenafly, 515 F. App'x 114, 118 (3d Cir. 2013) (unpublished opinion) (finding that "delay may be excused where the party seeking a preliminary injunction delays only in the reasonable belief that negotiations may resolve the dispute"). "[G]iven the ample potential justifications for [Plaintiff's] delay," the irreparable environmental harm from Defendant's toxic discharges "override[] any concern about delay." Ctr. for Individual Freedom, Inc. v. Ireland, 613 F. Supp. 2d 777, 806–07 (S.D. W. Va. 2009). In fact, it is in the public interest of the millions of people consuming water from the Ohio River downstream of Chemours that Plaintiff's Motion is adjudicated as expeditiously as possible.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to extend time.

DATED: February 28, 2025

Respectfully submitted,

| /s/ Derek Teaney | /s/ James M. Hecker |
|---|---|
| DEREK TEANEY (WVBN 10223) | JAMES M. HECKER (PRO HAC VICE) |
| AMANDA DEMMERLE (WVBN 13930) | PUBLIC JUSTICE |
| APPALACHIAN MOUNTAIN ADVOCATES, INC. | 1620 L Street NW, Suite 630 |
| P.O. Box 507 | Washington, DC 20036 |
| Lewisburg, WV 24901 | Telephone: (202) 797-8600 |
| Telephone: (304) 646-1182 | Email: jhecker@publicjustice.net |
| Email:  dteaney@appalmad.org | |
|       ademmerle@appalmad.org | |

Counsel for Plaintiff

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**WEST VIRGINIA RIVERS**
**COALITION, INC.,**

      Plaintiff,

  v.                                                   Civil Action No. 2:24-cv-00701

**THE CHEMOURS COMPANY FC, LLC,**

      Defendant.

### CERTIFICATE OF SERVICE

      I, Derek O. Teaney, do hereby certify that, on February 28, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system, which will notify the following participants:

JAMES A. WALLS
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800
Morgantown, WV 26501
(304) 291-7920
jwalls@spillmanlaw.com

                                        **/s/ Derek O. Teaney**
                                        **DEREK O. TEANEY (WVBN 10223)**