IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**WEST VIRGINIA RIVERS COALITION, INC. and**
**LITTLE HOCKING WATER ASSOCIATION, INC.,**

    Plaintiffs,

v.                                      Civil Action No. 2:24-cv-00701

**THE CHEMOURS COMPANY FC, LLC,**

    Defendant.

### CHEMOURS' MOTION TO RECONSIDER ORDER STRIKING CHEMOURS' REBUTTAL EXPERT REPORTS

Due to extraordinary circumstances, Defendant The Chemours Company FC, LLC ("Chemours") moves this Court pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 7.1(a)(2) to reconsider its ruling (ECF No. 157) granting West Virginia Rivers Coalition, Inc. ("WVRC") and Little Hocking Water Association, Inc.'s ("LHWA") Emergency Motions to Strike Chemours' Rebuttal Expert Reports.[1] ECF Nos. 151, 152.

Chemours did not have the opportunity to respond to Plaintiffs' motions before the Court ruled less than 48 hours after the motions to strike were filed. As a result, the Court understandably took Plaintiffs' representations at face value, including Plaintiffs' representation of decisions issued by other judges in the Southern District of West Virginia. Additionally, Plaintiffs failed to inform the Court of important facts directly related to the disclosures revealed to WVRC during a meet and confer. As a result, the Court was unaware of the actual reasons why Chemours submitted rebuttal reports on the rebuttal report deadline. Chemours brings this motion to:

---

[1] See also *Miller v. U.S.*, 2024 WL 4268034 (S.D.W. Va. Sept 23, 2024) (Volk, C.J.) at *2.

1.  Alert the Court to a significant dispute over controlling law and Plaintiffs' characterization of controlling law;

2.  To provide new and crucially important evidence that was not before the Court when it ruled; and,

3.  To assist this Court with correcting a clear error or prevent manifest injustice.

The undersigned counsel has appeared before this Court several times, and on at least one occasion moved this Court to extend that defendant's time to disclose rebuttal reports under the same tripartite schedule. *Rhodes v. E. I. Du Pont de Nemours & Co.*, Case No. 6:06-CV-530 (S.D.W. Va.). The Court referred the matter to Magistrate Judge Stanley who granted defendant's motion to extend the rebuttal report deadline to allow defendant more time to file its rebuttal report. This Court adopted and implemented Magistrate Judge Stanley's new schedule (later refusing to further extend the rebuttal deadline for both plaintiffs and defendant). The defendant proceeded to disclose 7 rebuttal experts – 3 new experts and 4 previously disclosed experts. Because of this past experience counsel reasonably believed the same practice would be followed in this matter.[2] Plaintiffs' Counsel knew this and failed to disclose it.

Furthermore, while the Plaintiffs here represented to the court that two other Judges in the Southern District Court of West Virginia found Chemours' position to be untenable, a close look at those and other decisions from the Southern District of West Virginia reveal quite the contrary.

In the 2015 decision of *Wise v Bard,* 2015 WL 461484 (S.D.W. Va. Feb. 3, 2015) (Goodwin, J.) this Court excluded a rebuttal expert filed on the third deadline not because

---

[2] Attached as Exhibit 1 is defendant's rebuttal expert disclosure in the *Rhodes* matter which is described in more specificity in Chemours' Memorandum of Law that accompanies this motion.

defendant's could not file rebuttal reports but because the report " . . . is not a true rebuttal expert report. Thus, Bard's disclosure of Dr Butrick … was untimely." *Id.* at *4.

In *Caine v Air Evac EMS,* Judge Chambers conceded that defendant could file rebuttal reports on the third deadline and stated, "Even assuming that the expert reports were incorrectly characterized as rebuttal evidence, the Court is satisfied that the factors weigh in favor of denying Plaintiff's motion because Defendant's error is curable…" 2021 WL 1206617 (S.D.W. Va. Mar. 30, 2021) at *2.

In *Conner v Associated Radiologists Inc.,* which was inaccurately represented by Plaintiffs' counsel and ultimately relied upon in this Court's ruling earlier today, the court facing the same tripartite schedule stated, "If Pitts [defendant's rebuttal expert] is properly considered a ***rebuttal expert*** witness then ***Defendant's disclosure*** is timely. If Pitts is not, then the disclosure is untimely …" 2021 WL 535409 (S.D.W. Va. Feb. 12, 2021) (Johnston, C.J.) at *2 (emphasis added). Neither WVRC nor LHWA revealed this critical language to the Court nor did the Court reference this clear statement from *Conner* in its ruling earlier today. Hidden from the Court was Judge Chambers' comment that if the defendant's rebuttal report was actually a rebuttal report, then it was properly filed on the third deadline.  As part of their duty of candor to the Court Counsel had a duty to reveal to the Court directly adverse legal authority.  Key language from *Conner* was kept from the Court.

In the 2022 decision of *Spaulding v. FedEx Ground*, Judge Chambers addressed the same partition of three deadlines. 2022 WL 1008227 (S.D.W. Va. Apr. 4, 2022) (Chambers, J.). *Spaulding* is an outlier due to certain language which excludes defendant from providing rebuttal experts, its misapplication of *Conner*, and Judge Chamber's own opinion in *Caine*. Despite language to the contrary, *Spaulding* framed the issue before it as: "If Dr. Plato and Ms.

3

Taniguchi are rebuttal experts [for Defendant] they were timely disclosed [on the third date/ rebuttal expert date] pursuant to the scheduling order. If not then they may be struck pursuant to Rule 37 (c)." *Spaulding* at * 2. This language is completely at odds with Plaintiffs' position as well as being internally inconsistent. Plaintiff also failed to alert the Court to this contradictory language in *Spaulding*.

Plaintiffs further failed to reveal the critical fact that Chemours offered to extend Plaintiffs discovery cut off by 25 days for the purpose of deposing the two newly disclosed experts. The other rebuttal experts were already offered and/or scheduled for depositions. The trial date would not have to be moved to accommodate two additional depositions.

A manifest injustice or clear error has occurred by the Court not being informed of the undersigned counsel's prior experience before this court on this issue and counsel's reasonable reading of the full opinions cited by Plaintiffs. The injustice or error is driven by Plaintiffs lack of candor with the Court regarding the full opinions cited and the failure to cite others while also failing to inform the Court of the real reason behind Defendant's disclosure of rebuttal experts on the third deadline.

For these reasons and those reasons articulated and discussed in the accompanying memoranda of law, Chemours moves this Court to reconsider its ruling issued earlier today on Plaintiffs' motions to strike Chemours' rebuttal expert reports. ECF No. 157.

WHEREFORE, Chemours respectfully requests that the Court grant its Motion for Reconsideration and deny Plaintiffs' Emergency Motions to Strike.

**THE CHEMOURS COMPANY FC, LLC**

**By: SPILMAN THOMAS & BATTLE, PLLC**

*/s/ Niall A. Paul*
Niall A. Paul (WV State Bar No. 5622)
David L. Yaussy (WV State Bar No. 4156)
Clifford F. Kinney, Jr. (WV State Bar No. 6220)
Joseph A. Ford (WV State Bar No. 12984)
SPILMAN THOMAS & BATTLE, PLLC
300 Kanawha Boulevard, East
Charleston, WV  25301
(304) 340-3800
(304) 340-3801 (*facsimile*)
dyaussy@spilmanlaw.com
ckinney@spilmanlaw.com
jford@spilmanlaw.com
npaul@spilmanlaw.com

James A. Walls (WV State Bar No. 5175)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800
Morgantown, WV  26501
(304) 291-7920
(304) 291-7979 (*facsimile*)
jwalls@spilmanlaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

**WEST VIRGINIA RIVERS COALITION, INC., and**
**LITTLE HOCKING WATER ASSOCIATION, INC.**

      **Plaintiffs,**

**v.**                                             **CIVIL ACTION NO. 2:24-cv-00701**

**THE CHEMOURS COMPANY FC, LLC,**

      **Defendant.**

## CERTIFICATE OF SERVICE

I, Niall A. Paul, hereby certify that on July 25, 2025, I electronically filed the foregoing "**CHEMOURS' MOTION TO RECONSIDER ORDER STRIKING CHEMOURS' REBUTTAL EXPERT REPORTS**" via the Court's CM/ECF electronic filing system, which will send notification to all e-filing participants in this action.

                                          */s/ Niall A. Paul*
                                          Niall A. Paul (WV State Bar No. 5622)