IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

WEST VIRGINIA RIVERS COALITION, INC. and
LITTLE HOCKING WATER ASSOCIATION, INC.,

    Plaintiffs,

v.                                                       Civil Action No. 2:24-cv-00701

THE CHEMOURS COMPANY FC, LLC,

    Defendant.

### CHEMOURS' REPLY IN SUPPORT OF MOTION TO RECONSIDER ORDER STRIKING CHEMOURS' REBUTTAL EXPERT REPORTS

Defendant the Chemours Company FC, LLC ("Chemours") provides this reply in support of its Motion to Reconsider the Court's Order Striking Chemours' Rebuttal Expert Reports. *See* ECF Nos. 157.

***Chemours Reasonably Relied Upon Prior Experience in The Southern District of West Virginia***

In their Responses Plaintiffs essentially take the position that counsel for Chemours was unreasonable for relying on prior experience in the Southern District of West Virginia serving expert rebuttal reports on the third deadline of the tripartite schedule for experts. Further, while Plaintiffs hold *Rhodes v. E.I. Du Pont De Nemours & Co.*, No. 6:06-cv-00530 (S.D. W. Va.) out as an anomaly and accuse counsel of violating rules, the historically accurate reality is that the *Rhodes* case was in alignment with the practice of other Southern District Judges at the time. Specifically, the Plaintiffs continue to rely upon and limit Judge Johnston's opinion in *Conner v. Associated Radiologists, Inc.*, No. 2:19-cv-00329, 2021 WL 535409 (S.D. W. Va. Feb. 12, 2021).

It is not Chemours that misunderstands *Conner*. In fact, not only does *Conner* literally say "[i]f [the Defendants' expert] is properly considered a rebuttal expert witness, then Defendants'

disclosure is timely. If [the expert] is not, then the disclosure is untimely . . . ." *Id.* at *2, but the undersigned counsel indeed represented the defendant in two cases before Judge Johnston where the court's scheduling order mirrored the same three-stage expert disclosure deadline as *Rhodes*, and in those two cases before Judge Johnston the defendant, represented by the undersigned counsel, was permitted to disclose experts in complete alignment with the court's language in *Conner*. In other words, in *Utt v Beswick et al*, Civil Action No. 2:12-cv-06578 (S.D. W. Va.) and in *Sweeney v. Beswick et al*, Civil Action No. 2:12-cv-06580, the defendants served rebuttal expert witness disclosures on the third deadline. Case 2:12-cv-06578, ECF 171 (attached as Ex. 1). Case 2:12-cv-06580, ECF 142 (attached as Ex. 2).

Far from violating rules, the practice in *Rhodes*, *Utt* and *Sweeney* are consistent with reasonable interpretations of this Court's holding in *Wise v Bard*, Civil Action No. 2:12-cv-01378, 2015 WL 461484 (S.D. W. Va. Feb. 3, 2015). And Judge Johnston's opinion in *Conner* should be read to be consistent with Judge Johnston's past practice and the undersigned counsel's experience in front of Judge Johnston in *Utt* and *Sweeney*. At a minimum, counsel's reasonable interpretation of the instant matter's scheduling order – even if mistaken – should not be the basis for such an extraordinarily harsh penalty as striking 5 rebuttal witnesses in light of counsel's experiences in *Rhodes*, *Utt* and *Sweeney*, as well as a comprehensive reading of *Conner*, *Wise* and of course Judge Chamber's decision in *Caine v. Air Evac EMS, Inc.*, Civil Action No. 3:19-0852, 2021 WL 1206617 (S.D. W. Va. Mar. 30, 2021). Each of these decisions explicitly or implicitly say as long as a defendant's expert's opinions are truly rebuttal, they can be filed on the third deadline.

Plaintiffs take issue with differing language in the local rules or even the change in the language from the scheduling order in *Rhodes* and the language of the Amended Scheduling Order in the instant case. *See* ECF No. 69. In *Rhodes*, the third deadline was described as: "[a]ll parties

shall provide the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) if the evidence is intended solely to contradict or rebut evidence on the same issue identified by another party under Fed. R. Civ. P. 26(a)(2)(B) not later than May 29, 2009." *Rhodes*, No. 6:06-cv-00530, Doc. 268 ¶ 2 (Jan. 8, 2009) (Goodwin, C.J.).  In the instant matter the Scheduling Order uses shorter language to establish the same three stage disclosure schedule.  In this case, the Court simply set the date for rebuttal reports by stating: "[e]xpert disclosure for rebuttal purposes." ECF No. 69 at 1.  Like the Order in *Rhodes*, the Order in this case lends itself to the reasonable belief that the first deadline applies to the party with the burden of proof.  The second deadline includes the opposing party.  The third deadline – the rebuttal deadline – does not exclude either party nor identify any particular party.  In light of: (1) the Rules of Civil Procedure, specifically Fed. R. Civ. P. 26(a)(2)(D)(ii) and Local Rule 26.1(b); (2) several cases from the Southern District of West Virginia which include language indicating the defendant can file timely rebuttal reports on the third deadline; and (3) counsel's prior experiences, it was reasonable to interpret the third deadline in the Court's scheduling order as not being exclusively for Plaintiffs only.  In fact, language in the Southern District cases, the Rules of Civil Procedure (federal and local), and past experience all pointed toward the conclusion that Chemours could serve rebuttal expert disclosures on the third deadline.

      Scheduling orders that limit rebuttal often establish a frame work that is less about parties with burden of proof and opposing parties and instead they literally proclaim the first deadline is for Plaintiffs, the second deadline is for Defendants and the third deadline – the rebuttal deadline – is for Plaintiffs.  However, this Court's order did not specify any restriction on who was allowed rebuttal or who was required to serve reports on the third deadline.  Instead it characterized the type of expert or expert opinion that had to be disclosed by that date.  The language of the instant

scheduling order was reasonably understood to establish a date by which either party (in fact the Rules say "all parties") could serve an expert report on this deadline as long as – and only if – the expert opinions were for "for rebuttal purposes." *See* ECF No. 69 at 1. The Court now has Chemours's experts' rebuttal reports. The Court can review them and easily determine that each speak directly to and only to opinions offered by Plaintiffs' experts.

To be clear Plaintiffs are wrong to complain about Drs. Finley and Martin rebutting opinions of Dr. Schlesinger from her prior declaration and even her hearing testimony. Such an objection has zero merit as Dr. Schlesinger mandated such "broad" rebuttals as her report literally incorporated by reference and made part of her report the entirety of her declaration and hearing testimony. In the beginning of her report, Dr. Schlesinger states: "I hereby incorporate by reference ***all of the opinions*** I have previously offered through ***written and/or oral testimony*** as if fully set forth herein." *Rebuttal Expert Opinion of Jennifer Schlesinger PhD,* 92 (July 21, 2025) (emphasis added) Dr. Schlesinger dictated the scope of the Chemours's rebuttal reports by explicitly incorporating any and all opinions she ever offered into her report. Nothing Dr. Finely or Dr. Martin do venture away from strictly rebutting her report and the opinions contained therein – wherever they may be originally found.

Chemours's rebuttal reports fully meet the simple test repeated in Southern District cases that address the issue: ***If Defendant's expert disclosed on the third deadline is properly considered a rebuttal expert witness then Defendant's disclosure is timely.*** Each of Chemours's experts disclosed on the third deadline – on July 21, 2025 meet this standard.

The Court's decision was based on an interpretation of the tripartite expert disclosure schedule that, while consistent with certain prior cases, does not account for the reasonableness of Chemours reliance on its prior experience in the Southern District and the plain language of the

scheduling order. Reconsideration is warranted to correct clear error and prevent manifest injustice, as Chemours disclosures were made in good faith, were consistent with Federal Rule of Civil Procedure 26(a)(2), and did not cause incurable prejudice to the plaintiffs.

### *Chemours's Interpretation of the Scheduling Order Was Reasonable*.

Chemours interpretation of the amended scheduling order was informed by its prior experience in *Rhodes v. E.I. Du Pont De Nemours & Co.*, where this Court permitted the defendant to disclose rebuttal expert reports on the third deadline. While West Virginia Rivers Coalition, Inc. ("WVRC") argues that *Rhodes* did not explicitly address whether the third deadline applies to defendants, the procedural history of that case demonstrates that the Court allowed rebuttal reports from both parties on the third deadline. Chemours reasonably relied on this precedent, as well as the plain language of the scheduling order, which does not limit the third deadline to the party with the burden of proof. The Rules use of the term "all parties" for the rebuttal deadline supports Chemours interpretation that both plaintiffs and defendants may disclose rebuttal reports on that date.

### *The Courts July 24, 2025, Order Creates Manifest Injustice*.

The Courts Order striking Chemours rebuttal reports deprives Chemours of the opportunity to challenge WVRC and Little Hocking Water Association's ("LHWA") expert opinions, thereby undermining its ability to present a full and fair defense. Rebuttal evidence is critical to ensuring that the Court has a complete understanding of the issues, particularly in a complex case involving scientific and technical matters. Excluding Chemours rebuttal reports based on a disputed interpretation of the scheduling order imposes an unduly harsh sanction that is disproportionate to any alleged procedural violation.

### *WVRC and LHWA Have Not Demonstrated Incurable Prejudice*.

WVRC and LHWA argue that Chemours disclosures caused prejudice by depriving them of the opportunity to respond. However, any potential prejudice can be cured without disrupting the trial schedule. Chemours has offered to extend the discovery period by 25 days to allow depositions of its rebuttal experts, a reasonable accommodation that would address WVRC and LHWAs concerns. Courts have routinely held that prejudice from untimely expert disclosures can be mitigated through depositions and other procedural remedies. *See Disney Enters., Inc. v. Kappos*, 923 F. Supp. 2d 788, (4th Cir. 2013); *Linetsky v. City of Solon*, 2016 U.S. Dist. LEXIS 145658 (6th Cir. 2016).

### *The Court Should Reconsider Its Order to Avoid Clear Error*.

Reliance on cases such as *Wise v. C.R. Bard, Inc*. and *Spaulding v. FedEx Ground Package System, Inc*. overlooks the unique circumstances of this case and the reasonableness of Chemours interpretation of the scheduling order. Unlike the defendants in those cases, Chemours disclosed true rebuttal reports that directly respond to WVRC and LHWAs expert opinions. The reports do not introduce new affirmative defenses but instead address specific points raised by WVRC and LHWAs experts. This distinction is critical and supports reconsideration of the Court's Order.

### CONCLUSION

For the foregoing reasons, Chemours respectfully requests that the Court reconsider its July 24, 2025 Order and deny WVRC and LHWAs motion to strike Chemours rebuttal expert reports. In the alternative, Chemours requests that the Court craft a remedy that allows for the inclusion of its rebuttal reports while addressing any potential prejudice to WVRC and LHWA, such as permitting additional depositions or limited sur-rebuttal reports.

WHEREFORE, for the reasons set forth in its moving papers and herein, Chemours respectfully requests that the Court grant its Motion for Reconsideration and deny Plaintiffs' Emergency Motions to Strike.

**THE CHEMOURS COMPANY FC, LLC**

**By: SPILMAN THOMAS & BATTLE, PLLC**

*/s/ Niall A. Paul*
Niall A. Paul (WV State Bar No. 5622)
David L. Yaussy (WV State Bar No. 4156)
Clifford F. Kinney, Jr. (WV State Bar No. 6220)
Joseph A. Ford (WV State Bar No. 12984)
SPILMAN THOMAS & BATTLE, PLLC
300 Kanawha Boulevard, East
Charleston, WV  25301
(304) 340-3800
(304) 340-3801 (*facsimile*)
dyaussy@spilmanlaw.com
ckinney@spilmanlaw.com
jford@spilmanlaw.com
npaul@spilmanlaw.com

James A. Walls (WV State Bar No. 5175)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800
Morgantown, WV  26501
(304) 291-7920
(304) 291-7979 (*facsimile*)
jwalls@spilmanlaw.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

**WEST VIRGINIA RIVERS COALITION, INC., and**
**LITTLE HOCKING WATER ASSOCIATION, INC.**

      **Plaintiffs,**

**v.**　　　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 2:24-cv-00701**

**THE CHEMOURS COMPANY FC, LLC,**

      **Defendant.**

## CERTIFICATE OF SERVICE

I, Niall A. Paul, hereby certify that on July 28, 2025, I electronically filed the foregoing "**CHEMOURS' REPLY IN SUPPORT OF MOTION TO RECONSIDER ORDER STRIKING CHEMOURS' REBUTTAL EXPERT REPORTS**" via the Court's CM/ECF electronic filing system, which will send notification to all e-filing participants in this action.

                                               */s/ Niall A. Paul*
                                               Niall A. Paul (WV State Bar No. 5622)