IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**WEST VIRGINIA RIVERS COALITION, INC., and
LITTLE HOCKING WATER ASSOCIATION, INC.,**

    Plaintiffs,

    v.                                                  CIVIL ACTION NO. 2:24-cv-00701

**THE CHEMOURS COMPANY FC, LLC,**

    Defendant.

### CHEMOURS' RESPONSE IN OPPOSITION TO LITTLE HOCKING WATER ASSOCIATION'S EMERGENCY MOTION TO STRIKE OPINION 3 OF DR. JOHNSON'S JULY 14, 2025 EXPERT REPORT

In its Emergency Motion to Strike Opinion 3 of Dr. Johnson's July 14, 2025 Expert Report [ECF No. 164], plaintiff-intervenor Little Hocking Water Association, Inc. ("LHWA") suggests that Dr. Johnson's Opinion 3 fails to qualify as an expert opinion because Chemours failed to provide Plaintiffs with copies of the LimnoTech report that Dr. Johnson relied upon and the groundwater modeling files upon which portions of the LimnoTech report were based. As explained below, LHWA's motion should be denied because (1) the LimnoTech report was properly, timely, and conspicuously disclosed in Dr. Johnson's July 14, 2025 expert witness report (Ex. 1), (2) a copy of that report was provided to LHWA's counsel nine days earlier than required on July 19, 2025 (Exs. 2, 3, & 4); and (3) Dr. Johnson does not have the groundwater modeling files; and he disclosed where and how to obtain the groundwater modeling files from the EPA website. (Ex. 1 at 10).[1]

---

[1] To be clear, the LimnoTech report can be found on the WVDEP website, the model can be downloaded from the USEPA website.

When LHWA informally requested the LimnoTech report, Chemours informed LHWA that it had not provided the study to Dr Johnson but that Dr Johnson had located it on the West Virginia Department of Environmental Protection website. (Ex. 2, July 19, 2025 email from Niall A. Paul to Justin Newman transmitting LimnoTech report. Ex. 3, July 20, 2025 email from Niall A. Paul to Justin Newman correcting that Dr. Johnson obtained the LimnoTech report from the WVDEP website, not the USEPA website). Even though anyone, including Dr Schwartz and counsel for LHWA, had equal access to the LimnoTech study, Chemours immediately provided a copy of the LimnoTech report to LHWA's counsel. The fact that neither Dr. Schwartz nor LHWA's counsel did the work to locate the study and review it before Dr. Schwartz issued his opinion is not the fault of Chemours or Dr. Johnson. The fact that Dr. Johnson diligently looked for and located reference materials as part of his effort to form an opinion is not a violation of any rule nor can it be used as an excuse for Dr. Schwartz's failings.

There is no legitimate issue in dispute let alone an emergency. Dr. Johnson relied on materials he located on a regulator's website which was open to the public – a public that includes both Dr Schwartz and LHWA's counsel. Despite satisfying the rules and clearly disclosing within Dr. Johnson's report the basis for his opinions including materials relied upon and despite no written discovery requiring any earlier production of the report, Chemours' counsel promptly provided the report without delay or objection even though the rules did not require them to do so.

LHWA "emergency" motion is in fact a poorly veiled effort to disrupt Chemours' counsel's preparation for depositions and a poorly disguised attempt to taint this Court's view of not only Dr. Johnson's report but the prior work and report of Dr. Scott Bair (an esteemed colleague of Dr. Schwartz from Ohio State University). When LHWA sued DuPont in 2009 in the United States District Court for the Southern District of Ohio, Dr. Bair had criticized the lack of scientific method

2

in Dr. Schwartz' approach to rendering his opinions in that matter. Apparently in response here, LHWA and Dr. Schwartz continue their *ad hominin* attacks from over ten years ago on Counsel, Dr. Bair, the 2003 Groundwater Model (which was vetted and accepted by numerous others) and even witnesses. They now include Dr. Johnson in the mix. The bottom line is if LHWA wants to challenge the reasonableness of, or the science behind, Dr. Johnson's opinions there is a time and place to do that. This is neither the proper time nor the proper motion for such a broadside attack. LHWA can file a *Daubert* motion or a pretrial motion *in limine* if it believes Dr. Johnson's opinions are not scientifically reliable. The false narrative that the LimnoTech report was not timely provided is addressed further below. The false narrative that the model used by LimnoTech has been kept from LHWA and Dr. Schwartz by Dr. Johnson or Chemours is also further addressed below. Not only are such claims demonstrably false but the contrived "emergency" alleged by LHWA should be seen for what it is: an attempt to disrupt and distract Defense Counsel from their efforts to conclude discovery, and also to somehow taint the Court's view of Dr. Johnson, Chemours and Defense Counsel.

### *The LimnoTech Report was properly, timely and conspicuously disclosed.*

The LimnoTech report was properly, timely, and conspicuously disclosed on pages 2, 9, 10, and 12 of Dr. Johnson's July 14, 2025 report. (Ex. 1). In addition, in response to LHWA's informal request via email and in light of LHWA's Request for Production Number 19 in its First Request for Production of Documents to Chemours, Chemours produced the LimnoTech report to LHWA on July 19, 2025, a full nine days before the subject discovery response was due to LHWA. (Ex. 4)[2].

---

[2] The LimnoTech report was due to be produced in response to LHWA's Requests for Production on July 28, 2025, but it was also responsive to a discovery request by WVRC, and thus was produced on July 25, 2025, in addition to being provided by email on July 19, 2025.

3

***Dr. Johnson does not have the groundwater modeling files, but he told LHWA where to get them.***

Dr. Johnson does not have the groundwater modeling files. He told LHWA as much in his July 14, 2025 report, including where and how to obtain the files. Specifically, in his Opinion 3 disclosure, Dr. Johnson wrote:

> In a river, movement of a contaminant is primarily along with the current via advection. Secondary migration is perpendicular to the direction of current flow via dispersion. The situation becomes more complex when two water bodies meet. Their combined velocities factor into the overall advection and dispersion and calculating the velocity and dispersion in the water body typically requires numerical modeling. Limnotech performed these modeling calculations for Chemours Washington Works in the Site-Specific Mixing Zone attachment of the NPDES permit renewal application, submitted February 24, 2023 (Limnotech 2023). The mixing zone calculations described by Limnotech quantify the dilution that occurs from each outfall within the mixing zone in order to be protective of a downstream receptor; specifically in the Permit renewal documents (Dupont 2018,2023,2024), the Lubeck wellfield. The modeled sources and mixing zone locations are Outfalls shown on Figure 1. Tetratech employs a three-dimensional Environmental Fluid Dynamics Code (EFDC) modeling framework which was developed in conjunction with NOAA and the USEPA.2 It is used for surface water quality modeling worldwide. ***The model is available for download from the USEPA (https://www.epa.gov/hydrowq/environment-fluid-dynamics-code-efdc-download-page).***
>
> This surface water model focuses on the area between Blennerhassett Island and 1-mile past Outfall 005 along the Ohio River. The model is well calibrated and was validated against water velocity measurements, water temperature data, PFOA concentration samples in the river, and HPFO-DA concentration samples in the river. The model was calibrated and validated for two seasons with data sets obtained in August 2017 and in November 2017, with the November dataset taken during a high flow condition 62,000 cubic feet per second (CFS) and the August dataset 24,000 CFS taken during an average flow condition. Based on the documentation, ***but not having access to the modeling files***, this appears to be a robust application of the model and is well suited to simulating and analyzing the advection and dispersion away from the Washington Works Outfalls into the Ohio River. Further it produces similar results to the CORMIX model that was produced in response to WVDEP comments.

(Ex. 1 at 9-10 (emphasis added). Further, LimnoTech customized the basic USEPA code, as LimnoTech explained in its report. (Ex. 2 at 9). The actual model inputs would be in the possession of LimnoTech. The model inputs are not in Dr Johnson's possession but also the specifics are not known to Dr Johnson other than through the description, equally available to LHWA and Dr Schwartz, in the LimnoTech report itself. *Id.* LimnoTech describes their enhancements which do not change the basic model available through the EPA website: "The enhancements do not change the overall processes simulated nor the computations. **There have been no changes in the hydrodynamics, and the core physics are no different.** The enhancements include the ability to simulate multiple tracers, allowing modeling of discharges from all of the Chemours outfalls simultaneously." *Id.* (Emphasis added).

*Rule 37(c)(1) does not apply.*

Under Rule 37(c)(1),

> [i]f a party fails to provide information or identify a witness as required by 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless. In addition to or instead of this sanction, the court of motion and after giving an opportunity to be heard [may impose other appropriate sanctions].

Fed. R. Civ. P. 37(c)(1). Here, Dr. Johnson's reliance on the LimnoTech report and the groundwater modeling data were properly, timely and conspicuously disclosed in Dr. Johnson's July 14, 2025 report, as was the model. Moreover, Chemours provided the LimnoTech report to LHWA early, and Dr. Johnson informed Plaintiffs exactly where and how to obtain the groundwater model files. Accordingly, Dr. Johnson's Opinion 3 should not be stricken under Rule 37(c)(1).

## CONCLUSION

At the end of the day, there are no grounds for striking Opinion 3 of Dr. Johnson. LHWA could obtain the LimnoTech report from the WVDEP website, LHWA could analyze the USEPA's model which can be downloaded from its website, and the customizations made to the model are LimnoTech's, not Dr. Johnson's. None of these undisputed facts give rise to an emergency that merit striking Dr. Johnson's opinion 3. For the foregoing reasons, Chemours respectfully asks the Court to deny LHWA's Emergency Motion to Strike Opinion 3 of Dr. Johnson's July 14, 2025 Expert Report.

**THE CHEMOURS COMPANY FC, LLC**

**By: SPILMAN THOMAS & BATTLE, PLLC**

/s/ *Clifford F. Kinney, Jr.*
David L. Yaussy (WV State Bar No. 4156)
Clifford F. Kinney, Jr. (WV State Bar No. 6220)
Joseph A. Ford (WV State Bar No. 12984)
Niall A. Paul (WV State Bar No. 5622)
SPILMAN THOMAS & BATTLE, PLLC
300 Kanawha Boulevard, East
Charleston, WV 25301
(304) 340-3800
(304) 340-3801 (*facsimile*)
dyaussy@spilmanlaw.com
ckinney@spilmanlaw.com
jford@spilmanlaw.com
npaul@spilmanlaw.com

James A. Walls (WV State Bar No. 5175)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800
Morgantown, WV 26501
(304) 291-7920
(304) 291-7979 (*facsimile*)
jwalls@spilmanlaw.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

**WEST VIRGINIA RIVERS COALITION, INC., and**
**LITTLE HOCKING WATER ASSOCIATION, INC.,**

    Plaintiffs,

v.                                      Civil Action No. 2:24-cv-00701

**THE CHEMOURS COMPANY FC, LLC,**

    Defendant.

## CERTIFICATE OF SERVICE

I, Clifford F. Kinney, Jr., hereby certify that on July 28, 2025, I electronically filed the foregoing "**CHEMOURS' RESPONSE IN OPPOSITION TO LITTLE HOCKING WATER ASSOCIATION'S EMERGENCY MOTION TO STRIKE OPINION 3 OF DR. JOHNSON'S JULY 14, 2025 EXPERT REPORT**" via the Court's CM/ECF electronic filing system, which will send notification to all e-filing participants in this action.

                                                  */s/ Clifford F. Kinney, Jr.*
                                                  Clifford F. Kinney, Jr. (WV State Bar No. 6220)