IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WEST VIRGINIA RIVERS COALITION, INC.,

        Plaintiff,

and

LITTLE HOCKING WATER ASSOCIATION, INC.

        Intervenor-Plaintiff,

v.                                    CIVIL ACTION NO. 2:24-cv-00701

THE CHEMOURS COMPANY FC, LLC,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are various motions including: Defendant's Motion to Strike Declarations Attached to Reply and to Set Evidentiary Hearing, [ECF No. 20], Plaintiff's Motion in Limine to Exclude Certain Testimony at Hearing or, Alternatively, Motion for Leave to Alter Hearing Date and Present Remote Testimony, [ECF No. 25], Defendant's Motion for Leave to Supplement the Record, [ECF No. 142], Defendant's Motion to Reconsider Order, [ECF No. 159], and Intervenor-Plaintiff's Emergency Motion to Strike Opinion 3 of Dr. Johnson's July 14, 2025 Expert Report, [ECF No. 164]. The matters are ready for adjudication.

    **I.**    **ECF Nos. 20 and 25**

From May 21–23, I held a Preliminary Injunction Hearing in this matter. Prior to the hearing Defendant filed its Notice of Withdrawal, In Part, of Motion to Strike and to Set Evidentiary Hearing, [ECF No. 54], and withdrew its Motion, [ECF No. 20], with respect to

striking the declarations of Dr. Jennifer Schlezinger and Dr. Beth Hoagland. At the hearing held on May 21, 2025, I **DENIED** Plaintiff's Motion in Limine, [ECF No. 25], and permitted all of Defendant's witnesses to testify. Neither remain pending before this court for additional adjudication.

## II.     ECF No. 142

On July 18, 2025, Defendant moved to Supplement the Record, [ECF No. 142], to include evidence of Defendant's performance of additional obligations under the Administrative Order on Consent ("AOC") with the Environmental Protection Agency ("EPA") after the hearing and "the positive effect of those efforts on compliance with its existing permit limits."[1] *Id.* at 1. The Defendant explains that as part of its supplemental PFAS Abatement Plan conditionally approved by the EPA, the Defendant is implementing a Pollutant Minimization Program ("PMP") to achieve compliance. *Id.* at 2. To do so, the EPA ordered the Defendant to submit its final PMP and that the "PMP must require trackdown studies designed to isolate sources of PFOA and HFPO-DA to begin immediately." *Id.* at 3.

While implementing the EPA-required trackdown studies, the Defendant routed various flows of water with elevated concentrations of HFPO-DA at Outlets 002 and 005 to granular activated carbon ("GAC") treatment systems that are capable of removing HFPO-DA. *Id.* at 3. These flows came from streams of condensate from several large, industrial-sized rooftop HVAC units and a roof drain. *Id.* The Defendant represents that HFPO-DA concentration has been significantly reduced and there was no permit exceedance at Outlets 002 and 005 in June 2025. *Id.* at 4–5. The first two samplings for July also indicate compliance. *Id.*

---

[1] Attached to the motion is 26 pages of evidence, including a new affidavit from James Hollingsworth and the final PMP submitted to the EPA on June 13, 2025, for approval.

The Plaintiff responds that Defendant should not be permitted to supplement the record as there has been ample time and opportunity to build the record and the Defendant's supplementation of the record amounts to a "wholesale change in position." [ECF No. 146]. The Defendant replies that the new evidence contained in its supplement goes "hand-in-hand" with the evidence considered at the Preliminary Injunction Hearing. [ECF No. 150].

Upon review, the Motion, **[ECF No. 142]**, is **GRANTED**. I will consider this new information when determining whether a preliminary injunction is appropriate relief at this stage of the litigation. I note, however, that Defendant's newfound compliance does not render this matter moot. Justice Scalia has written:

> A good or lucky day is not a state of compliance. Nor is the dubious state in which a past effluent problem is not recurring at the moment but the cause of that problem has not been *completely and clearly eradicated*. When a company has violated an effluent standard or limitation, it remains, for purposes of § 505(a), "in violation" of that standard or limitation so long as it has not put in place remedial measures that clearly eliminate the cause of the violation.

*Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 69 (1987) (Scalia, J., concurring) (emphasis added).[2] Prior to the filing of this citizen suit, the Defendant sporadically complied with the Permit limit for HFPO-DA at Outlets 002 and 005. [ECF No. 55, at 4–5]. Defendant's recent single month of compliance is not enough to moot Plaintiff's claim for injunctive relief. To have a case dismissed as moot "[t]he defendant must demonstrate that it is '*absolutely clear* that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Gwaltney of Smithfield, Ltd*, 484 U.S. at 66, (quoting *United States v. Phosphate Export Assn., Inc.,* 393 U.S. 199, 203 (1968) ("A case might become moot if subsequent events made it

---

[2] I previously cited this same passage in *Ohio Valley Env't Coalition, Inc. v. Hernshaw Partners, LLC*, where I found "that one may continue to be in violation of the Clean Water Act even if the activities that caused the violations have ceased." 984 F. Supp. 2d 589, 597–98 (S.D. W. Va. 2013) (Goodwin, J.).

absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.")). Here, it is not "absolutely clear" that the Defendant has achieved lasting compliance. The supplemental materials do not mention the impact of Defendant's recent compliance on its long-term plan for HFPO-DA reductions at its Washington Works Plant.

### III.  ECF No. 159

Defendant asks this court to reconsider its Order, [ECF No. 157], granting Plaintiff and Intervenor-Plaintiff's Emergency Motions to Stike Chemours' Rebuttal Expert Reports [ECF Nos. 151, 152] pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. [ECF No. 159]. The Defendant's motion is based on three factors "(1) to disclose fully the controlling case law; (2) to provide key facts previously kept from the Court; and (3) to avoid clear error and/or manifest injustice." [ECF No. 160, at 1].

> Rule 54(b) governs any order or decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. Pursuant to this rule, an interlocutory order may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

*Miller v. United States*, No. 5:23-CV-00453, 2024 WL 4268034, at *2 (S.D. W. Va. Sept. 23, 2024) (Volk, J.).

The parties are in dispute as to which party may disclose rebuttal expert opinions under the tripartite expert disclosure schedule. My previous order provided, "As is typical in all cases, the party with the burden of proof presents their own evidence to which the opposing party responds and then there is an opportunity for rebuttal by the party who has not filed a responsive pleading." [ECF No. 157, at 2]. This interpretation conforms with my colleagues' earlier opinions. *Spaulding v. FedEx Ground Package Sys., Inc.*, No. 3:21- cv-0339, 2022 WL 1008227, at *2 (S.D. W. Va. Apr. 4, 2022) (Chambers, J.); *Conner v. Associated Radiologists, Inc.*, No. 2:19-cv-00329, 2021

4

WL 535409, at *2 (S.D. W. Va. Feb. 12, 2021) (Johnston, J.). "Simply put, the responsive disclosures serve as responses to the opening expert disclosures, and the rebuttal disclosures serve to permit all parties the opportunity for its experts to refute the opposing party's responsive reports." *Rockwell Mining, LLC v. Pocahontas Land LLC*, No. 2:20-CV-00487, 2022 WL 533053, at *4 (S.D. W. Va. Feb. 22, 2022) (Copenhaver, J.). Here, the Defendant did not bear the burden of proof. Under the Amended Scheduling Order, the Plaintiff and Intervenor-Plaintiff were to file their opening expert disclosures on July 4, 20245. [ECF No. 69]. The Defendant's responsive disclosures were due July 14, 2025. *Id.* The Plaintiff's rebuttal disclosures were due July 21, 2025. *Id.* Inasmuch as there were no responsive reports filed July 14, 2025, by Plaintiff or Plaintiff-Intervenor for the Defendant to refute, its "rebuttal" opinions are untimely.[3]

However, I will still reconsider whether the Defendant's failure to timely disclose is substantially justified or harmless under Rule 37. The reviewing court applies the following five factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

As to the first and second factors, Plaintiff and Intervenor-Plaintiff were clearly surprised by the Defendant's disclosures, but since the close of discovery Mr. Downie and Dr. Finley have been deposed by the Plaintiff, [ECF Nos. 144–45], minimizing some of the surprise.[4] Additionally,

---

[3] In *Rhodes v. E.I. Du Pont De Nemours & Co.*, No. 6:06-cv-00530, the Defendant claims its predecessor in interest DuPont filed rebuttal expert opinions. A review of the docket shows DuPont's rebuttal expert opinions were never challenged by the plaintiff in that case and thus the court never determined whether a defendant with no burden of proof could disclose rebuttal expert opinions on the third deadline of the tripartite expert disclosure schedule.

[4] Defendant represents the Plaintiff was scheduled to depose three of the five experts at issue. [ECF No. 160, at 12]. The court was unable to locate a certificate of service indicating Dr. Johnson had been deposed by the Plaintiff or Intervenor-Plaintiff.

5

the Defendant had already disclosed earlier opinions of three of the five "rebuttal" experts. [ECF No. 160, at 20]. Third, if Plaintiff and Intervenor-Plaintiff wish to depose the remaining experts, Dr. Snyder and Dr. Martin, the Defendant has provided additional days beyond the discovery deadline to do so. Fourth, the information contained in the untimely "rebuttal" opinions are central to the issues pending before the court. [ECF No. 162-4]. Fifth, the Defendant did not misunderstand the Amended Scheduling Order but rather relied on its prior experience submitting rebuttal expert opinions to this court with no issue.

Upon reconsideration, I **FIND** the untimely disclosure to be harmless. Accordingly, Defendant's Motion to Reconsider Order, **[ECF No. 159]**, is **GRANTED,** the court's Order **[ECF No. 157],** is **VACATED**, and Plaintiff and Intervenor-Plaintiff's Emergency Motions, **[ECF Nos. 151, 152]**, are **DENIED**.

### IV. ECF No. 164

Intervenor-Plaintiff seeks to strike Opinion 3 of Dr. Jonathan Johnson's expert report submitted on July 14, 2025, by the Defendant. [ECF No. 164]. Intervenor-Plaintiff asserts Opinion 3 does not qualify as an expert opinion inasmuch as it does not contain the facts and assumptions which Dr. Johnson based his opinion, specifically the LimnoTech report and corresponding model and inputs. *Id.* at 2–3. Thus, Intervenor-Plaintiff claims the conclusion contained in Opinion 3 are "incomplete, deficient and unreviewable" and should be excluded pursuant to Federal Rule of Civil Procedure 26. *Id.* at 1. Defendant responds the LimnoTech report is available on the West Virginia Department of Environmental Protection ("WVDEP") website and the model can be downloaded from the United States Environmental Protection Agency website, both publicly available. [ECF No. 169]. Defendant asserts that the LimnoTech report was disclosed in Dr. Johnson's July 14, 2025 report on pages 2, 9, 10, and 12 and was provided to Intervenor-Plaintiff by the Defendant

6

on July 19, 2025, via email. *Id.* at 3. As to the inputs to the model, Defendant asserts Dr. Johnson did not have access to that information in forming his opinion and that the inputs are in the possession of LimnoTech. *Id.* at 5. Intervenor-Plaintiff replies that the underlying inputs are "imperative" to the LimnoTech report Dr. Johnson relied upon. [ECF No. 173, at 3].

Under Rule 26, an expert report "must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; [and] (ii) the facts or data considered by the witness in forming them . . . " Fed. R. Civ. P. 26(a)(2)(B)(i)–(ii).

Here, Dr. Johnson's report properly disclosed the information relied upon in forming his opinion. [ECF No. 169-1, at 3, 11, 13]. Specifically, listed in the materials Dr. Johnson relied on is the following "LimnoTech 2023. Request for Site Mass Loading Cap and Site-Specific Mixing Zone at the Chemours Washington Works Facility. February 22." *Id.* at 13. The LimnoTech report is publicly available to the Intervenor-Plaintiff on the WVDEP website associated with WV/NPDES Permit No. WV 0001279. [ECF No. 169-3]. As it pertains to the inputs to the model used to create the LimnoTech report, Dr. Johnson did not have access to that information when forming his opinion. If Intervenor-Plaintiff seeks to attack the science or methodology behind Dr. Johnson's opinion and his subsequent reliance on the LimnoTech report, then it may do so by filing an appropriate *Daubert* motion or motion *in limine* where the court is better suited to contemplate the parameters of the methodology.

Accordingly, Intervenor Plaintiff's Emergency Motion to Strike Opinion 3 of Dr. Johnson's July 14, 2025 Expert Report, **[ECF No. 164],** is **DENIED**.

V. **Conclusion**

For the foregoing reasons, Defendant's Motion for Leave to Supplement the Record, **[ECF No. 142]**, is **GRANTED**, Defendant's Motion to Reconsider Order, **[ECF No. 159]**, is

**GRANTED,** the court's Order **[ECF No. 157]** is **VACATED**, and Plaintiff and Intervenor-Plaintiff's Emergency Motions, **[ECF Nos. 151, 152]**, are **DENIED**, and Intervenor-Plaintiff's Emergency Motion to Strike Opinion 3 of Dr. Johnson's July 14, 2025 Expert Report, **[ECF No. 164]** is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: August 7, 2025

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE