IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**WEST VIRGINIA RIVERS COALITION, INC., and
LITTLE HOCKING WATER ASSOCIATION, INC.**

      **Plaintiffs,**

v.                                          **CIVIL ACTION NO. 2:24-cv-00701**

**THE CHEMOURS COMPANY FC, LLC,**

      **Defendant.**

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR STAY OF PROCEEDINGS AND DEADLINES PENDING THE FOURTH CIRCUIT'S DECISION ON APPEAL

On August 7, 2025, the Court entered a preliminary injunction enjoining Defendant The Chemours Company FC, LLC ("Chemours") from discharging hexafluoropropylene oxide dimer acid ("HFPO-DA") in excess of effluent limits in Chemours's National Pollutant Discharge Elimination System ("NPDES") Permit and ordering Chemours to take any actions necessary to achieve and maintain compliance with that Permit. ECF No. 184 at 41. Chemours filed a notice of appeal on the same day. ECF No. 186. Chemours now submits this memorandum of law in support of its motion to stay. Chemours respectfully submits that the appeal of the preliminary injunction ruling to the Fourth Circuit has divested this Court of jurisdiction over key aspects of the case, and it asks the Court to stay proceedings and deadlines in this matter, including the upcoming trial, pending resolution of the appeal.

## INTRODUCTION

The Supreme Court has long held—and the Fourth Circuit has recently reiterated—that a district court must stay any aspects of a case that are involved on appeal until the appeal has been resolved. Here, that rule requires a stay of proceedings pending the Fourth Circuit's resolution of

the ongoing appeal from issuance of the preliminary injunction. When this Court entered the preliminary injunction, it expressly found, among other things, that (1) WVRC has standing and (2) WVRC and the public have suffered irreparable harm due to Chemours's alleged Permit exceedances. The Parties have also moved for summary judgment on the same questions, which are relevant as well for the trial and the requested permanent injunction. Those issues are now being reviewed by the Fourth Circuit on appeal, which accordingly divests this Court of jurisdiction to resolve them. A stay on those issues is thus required.

Even if the grant of a stay were discretionary, rather than mandatory, a stay pending appeal would be appropriate here. District courts evaluating whether to stay proceedings consider (1) potential prejudice to the non-moving party from a stay, (2) hardship to the movant if the proceedings continue, and (3) judicial economy. Each of those factors favors granting a stay.

*First*, a temporary stay of proceedings will not prejudice WVRC or Plaintiff-Intervenor Little Hocking Water Association, Inc. ("LHWA"). The preliminary injunction granted by the Court already affords WVRC the relief and protection it requested. WVRC sought "relief to protect the public from additional PFAS exposure," ECF No. 8 at 2, and now praises the entered injunction as "a victory for public health and the Ohio River." Chris Dickerson, *Judge Orders Chemours to Immediately Stop PFAS Discharges*, Legal Newsline (Aug. 14, 2025), https://www.legalnewsline.com/west-virginia-record/judge-orders-chemours-to-immediately-stop-pfas-discharges/article_6b880fa8-5416-4b74-937c-826ec5de78b2.html. The injunction would remain in effect during the stay. LHWA's complaint and its claims are nearly identical to those of WVRC, such that the injunction similarly affords adequate judicial protection to LHWA. The Fourth Circuit has issued a briefing order that provides an expedited timeline for the appeal, moreover, avoiding any concern about undue delay.

***Second***, the lack of a stay would harm Chemours. The Parties still have yet to file reply briefs in support of their motions for summary judgment, motions in limine, and responses to motions in limine; absent a stay, they would also have to prepare for trial, try the case, and engage in substantial additional litigation efforts. Courts have recognized that the effort and expense of litigating issues that will ultimately be resolved on appeal is the kind of hardship that warrants a stay of proceedings. The absence of a stay would cause additional harm, moreover, because it would require counsel to prepare for trial and litigate the appeal at the same time as Chemours is engaging in ongoing efforts, in coordination with the United States Environmental Protection Agency ("EPA") and the West Virginia Department of Environmental Protection ("WVDEP"), to implement the agreed-upon abatement projects resulting from the April 2023 Administrative Order on Consent entered into between Chemours and EPA—efforts that will address precisely the same alleged Permit violations on which Plaintiffs rely.

***Finally***, the benefits to judicial economy of a stay are clear. A central issue on appeal, WVRC's standing, is potentially dispositive. But even if the Fourth Circuit determines that WVRC does have standing, it might conclude that WVRC has not suffered irreparable harm, or that irreparable harm to the public is insufficient to support a preliminary injunction. The Fourth Circuit might also clarify the *type* of harm that could support standing or irreparable injury, which would substantially inform the conduct of the trial and the evidence that the Parties would seek to introduce there. These benefits of economy would extend both to the Court and to the Parties.

The Court should accordingly grant a temporary stay of proceedings and deadlines pending resolution of the ongoing appeal.

## BACKGROUND

WVRC filed its complaint in December 2024, alleging that Chemours began violating the most stringent HFPO-DA limits in its NPDES Permit in February 2022. ECF No. 1 at ¶ 35; ECF No. 1-1 at 2. In February 2025—three years after the alleged start of those violations—WVRC moved for a preliminary injunction. ECF No. 7; *see* ECF No. 18 at 13 (WVRC admitting that it "wait[ed]" to so move). WVRC sought an injunction "prohibiting [Chemours] from committing further violations of the" HFPO-DA limits "at Outlets 002 and 005 of WV/NPDES Permit WV0001279 and compelling [Chemours] to achieve compliance by any means necessary, including (1) reducing the production that generates process wastewater containing HFPO-DA, and/or (2) sending process wastewater off-site for disposal by deep-well injection or incineration." ECF No. 7.

The Court held a three-day preliminary injunction hearing in May 2025. ECF Nos. 77–79. On August 7, the Court granted the requested preliminary injunction. ECF No. 184. Chemours asked WVRC if it would be willing to agree to a stay of any length, but WVRC declined.

Chemours filed its notice of appeal on August 7, 2025. ECF No. 186. On August 12, the Fourth Circuit issued an order setting an expedited schedule under which the appeal will be fully briefed by October 22 if WVRC does not file a reply or, alternatively, by November 12 if WVRC files a reply on the last possible date. Briefing Order at 1, *W. Va. Rivers Coal., Inc. v. The Chemours Co. FC, LLC*, No. 25-1924 (4th Cir. 2025). Chemours now moves for a stay of proceedings and deadlines pending resolution of the appeal. Trial on the merits is scheduled to begin soon, on September 16. ECF No. 69.

**ARGUMENT**

I. **The Court Lacks Jurisdiction Over the Issues on Appeal and Must Stay Further Proceedings Until the Appeal Is Resolved**

Under blackletter jurisdictional principles, the Court must defer ruling on any issues that are "involved" in Chemours's appeal from this Court's preliminary injunction ruling. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 744 (2023). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). As the Supreme Court has explained, this "*Griggs* principle . . . requires an automatic stay of district court proceedings that relate to any aspect of the case involved in the appeal," a principle that applies fully to "interlocutory appeal[s]." *Coinbase*, 599 U.S. at 744. The Fourth Circuit reiterated the same principle earlier this year: "Whatever part of a case is 'involved in the appeal,' big or small, it lies beyond the district court's reach." *City of Martinsville, Va. v. Express Scripts, Inc.*, 128 F.4th 265, 271 (4th Cir. 2025); *see FCC v. Lin*, 66 F.4th 164, 166 (4th Cir. 2023) ("a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal"); *see also Chemlawn Servs. Corp. v. GNC Pumps, Inc.*, 823 F.2d 515, 518 (Fed. Cir. 1987) ("[O]n interlocutory orders, a notice of appeal divests the District Court of jurisdiction over all matters involved in the appeal. In those circumstances, the District Court may proceed *only* with matters not involved with the appeal.") (emphasis in original).

The *Griggs* principle requires a stay of trial court proceedings pending appeal of a preliminary injunction. Only two months ago, for instance, another federal district court granted a stay pending appeal of a preliminary injunction based on *Griggs*. *Am. Encore v. Fontes*, No. CV-24-01673-PHX-MTL, 2025 WL 1839464 (D. Ariz. June 26, 2025). After the court entered the

5

preliminary injunction requested by the plaintiffs, the defendants appealed to the Ninth Circuit. *Id.* at *1. The defendants then moved for a stay of district court proceedings pending the appeal. *Id.* Even though the parties did not raise *Griggs* in their briefing, the court noted *sua sponte* "that the *Griggs* divestiture rule . . . support[ed] a stay," since "most—if not all—of the substantive legal issues in th[e] case [we]re implicated in the pending interlocutory appeal." *Id.* at *3. The court further explained:

> The Ninth Circuit could disagree with this Court's findings in the appealed preliminary injunction order. And this Court is bound by whatever the Ninth Circuit decides. Staying the case when many substantive issues overlap will promote efficiency and reduce the risk of confusion from potentially inconsistent judgments.

*Id.*

The same result is required here. After this Court granted WVRC's motion for a preliminary injunction in its August 7 Order, ECF No. 184, Chemours promptly filed a notice of appeal, ECF No. 186. The Court's order concludes, among other things, that (1) WVRC "has established Article III standing" and standing under the Clean Water Act, including injury-in-fact, traceability, redressability, and representational standing; and (2) WVRC and the public have already suffered irreparable harm. ECF No. 184 at 9, 15–17, 19, 24, 30, 40. Those issues—which are also implicated by WVRC's motion for summary judgment, ECF No. 180 at 6–12, 16–20, by LHWA's motion for summary judgment, ECF No. 182 at 14–18, and by Plaintiffs' requested permanent injunction, ECF Nos. 1, 86—are now on appeal, ECF No. 186.

Therefore, like all "aspects of the case involved in the appeal," *Griggs*, 459 U.S. at 58, those issues are now beyond this Court's jurisdiction, and the Court may not address them on summary judgment or at trial until the pending appeal is resolved. Nor may the Court issue a ruling on the merits that is predicated on any "threshold question[s]" implicated by the appeal, even where such questions are "severable from the merits of the underlying dispute[]." *Coinbase*, 599 U.S. at

6

747 (quotation marks omitted). Article III standing, for instance, is "the irreducible constitutional minimum" that underlies each of Plaintiffs' claims. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Indeed, it "makes no sense" to rule on those issues now, as the Fourth Circuit's guidance will inform the appropriate scope of proceedings, potentially narrowing the relevant issues or even rendering further proceedings unnecessary altogether. *Coinbase*, 599 U.S. at 741; *see id.* at 743 (noting that the *Griggs* rule is necessary to avoid the "waste" of judicial and private-party "resources"). Accordingly, a stay of proceedings pending resolution of the appeal by the Fourth Circuit is required.

## II. Even If a Stay Pending Appeal Were Discretionary, It Would Be Warranted Here

A stay pending appeal would be appropriate even if—contrary to the foregoing—a stay was discretionary rather than mandatory. The Court has the authority to issue a stay of proceedings and deadlines pending appeal. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Fourth Circuit has similarly recognized, in evaluating a motion to stay trial, that federal courts have "the inherent power . . . under their general equity powers and in the efficient management of their dockets to grant relief." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). This Court, too, has recognized that power. *See, e.g.*, *White v. Ally Fin. Inc.*, 969 F. Supp. 2d 451, 461–62 (S.D.W. Va. 2013) (Goodwin, J.) ("A district court ordinarily has discretion to delay proceedings when a higher court will issue a decision that may affect the outcome of the pending case."); *Tolley v. Monsanto Co.*, 591 F. Supp. 2d 837, 844 (S.D.W. Va. 2008) (Goodwin, J.) ("The decision whether to grant a stay is within the inherent power of the court").

When deciding whether to grant a motion to stay proceedings, courts evaluate "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not

stayed; and (3) potential prejudice to the non-moving party." *White v. Ally Fin. Inc.*, 969 F. Supp. 2d at 462 (quoting *Tolley*, 591 F. Supp. 2d at 844). In this case, all three of those factors favor a stay.

### A. A Stay Would Promote Judicial Economy

A stay is all but guaranteed to conserve judicial and public resources. To resolve the pending appeal, the Fourth Circuit will need to address several key issues, including whether: (1) WVRC has standing, (2) WVRC has been irreparably harmed, and (3) the public has been irreparably harmed. Those are the same issues that the Court would need to address on summary judgment or at trial. For instance, WVRC's response in support of its motion for summary judgment repeatedly refers to and relies on the Court's order on the preliminary injunction. ECF No. 202 at 1–2, 4–10 (citing the order to support standing argument, saying that "the Court expressly concluded that WVRC has standing to bring this lawsuit.") The Fourth Circuit's ruling on these issues is likely to affect the course of further proceedings, or even to render further proceedings altogether unnecessary.

If the Fourth Circuit were to find that WVRC does not have standing, much or all of the merits of this case will become moot. In that scenario, absent a stay of proceedings, both the Court and the Parties will have wasted substantial resources (time, energy, and money). Witnesses who took time away from work and family to attend trial will have wasted their resources as well. As one district court recently explained, the court of appeals "could disagree with this Court's findings in the appealed preliminary injunction order. And this Court is bound by whatever the [court of appeals] decides. Staying the case when many substantive issues overlap will promote efficiency and reduce the risk of confusion from potentially inconsistent judgments." *Am. Encore v. Fontes*, 2025 WL 1839464, at *3.

8

Similarly, if the Fourth Circuit were to conclude that neither WVRC nor the public has suffered irreparable harm, then such a ruling would moot out many of the remaining issues. In that case, for instance, the Court would not need to address whether to issue a permanent injunction, which (like a preliminary injunction) requires the plaintiff to show irreparable harm. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *accord Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156 (2010); *SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 385 (4th Cir. 2017).

A stay would serve judicial economy, moreover, even if the appeal is *not* resolved in Chemours's favor. For example, the Fourth Circuit might clarify the *type* of harm that could support standing or irreparable injury, which would substantially inform the conduct of the trial and the evidence that the Parties would seek to introduce there. The Fourth Circuit could conclude, for instance, that the HFPO-DA Maximum Contaminant Level under the Safe Drinking Water Act is a relevant measure of harm because WVRC's alleged harm is based on impacts to drinking water. Or the Fourth Circuit could conclude that the relevant standing or harm analysis is materially affected by the granular activated carbon system that Chemours maintains at the water supplier for WVRC's identified member. In light of these and other potential examples, it would not be economical to proceed through summary judgment and trial without appellate guidance when the Fourth Circuit is likely to rule in relatively short order.

**B. Chemours Will Be Harmed Absent a Stay**

Pursuant to the Court's Amended Scheduling Order, ECF No. 69, Chemours and Plaintiffs have upcoming deadlines for, among other things: (1) reply briefs in support of summary judgment motions, (2) motions in limine, (3) responses to motions in limine, and (4) trial. Complying with those deadlines will, of course, require Chemours and Plaintiffs to spend substantial amounts of

time, energy, and money. Although such litigation efforts are not normally considered a hardship in themselves, courts *do* routinely treat them as a hardship when evaluating whether to grant a stay pending an appeal that could render them unnecessary. *See, e.g.*, *Finder v. Leprino Foods Co.*, No. 1:13-CV-02059-AWI-BAM, 2017 WL 1355104, at *4 (E.D. Cal. Jan. 20, 2017) ("forcing a party to conduct 'substantial, unrecoverable, and wasteful' discovery and pretrial motions practice on matters that could be mooted by a pending appeal may amount to hardship or inequity sufficient to justify a stay.") (quoted authority omitted); *see also Mey v. Got Warranty, Inc.*, No. 5:15-CV-101, 2016 WL 1122092, at *3 (N.D.W. Va. Mar. 22, 2016) (granting motion to stay district court proceedings, reasoning that "[t]he defendants would be prejudiced considerably should they continue to expend substantial resources in litigation only for the Supreme Court to rule that this Court lacks jurisdiction to resolve this case . . . and this Court will have expended needless time and resources in the interim").

In addition, as trial-preparation efforts continue, Chemours's personnel and counsel will increasingly be diverted from continued focus on implementation, including through discussions with EPA and WVDEP, of the Administrative Order on Consent process—the very process designed to alleviate Plaintiffs' concerns here. Chemours and EPA entered into an Administrative Order on Consent ("AOC") in April 2023 precisely "to address the violations" alleged in this case. ECF No. 7-18 at 11. The AOC, moreover, requires WVDEP's input and consultation. *Id.* at 9 ("EPA, in consultation with WVDEP, may seek, pursuant to this Order, additional actions . . . ."). For instance, as Chemours's attorneys devote time to litigating issues in this case, they lose time they otherwise would spend advancing the collaboration between the client and the agencies. Not only does this harm Chemours insofar as it prolongs the process Chemours must take to achieve

10

Permit compliance for all at-issue parameters, but it *also* harms Plaintiffs insofar as it prolongs the relief they seek. Accordingly, Chemours will be harmed absent a stay.

### C. Plaintiffs Will Not Be Prejudiced by a Stay

The relief requested here is simply a stay of the proceedings and deadlines, not a stay of the Court's order granting the preliminary injunction.[1] Thus, if a stay pending appeal were granted, the preliminary injunction would remain in effect—inuring to Plaintiffs' benefit—throughout the entire appeal. Indeed, it would remain in effect unless and until the Fourth Circuit ordered that the preliminary injunction should be vacated and this Court carried out such a directive.

Plaintiffs will accordingly not be prejudiced by a stay. The Court's order granting the preliminary injunction grants the *exact* form of relief requested by WVRC's motion. *Compare* ECF No. 184 at 41–42, *with* ECF No. 7. Under those circumstances, courts find that the issuance of a preliminary injunction "weighs against a finding of harm to Plaintiffs" and favors the grant of a stay pending appeal. *Kuang v. U.S. Dep't of Def.*, No. 18-CV-03698-JST, 2019 WL 1597495, at *4 (N.D. Cal. Apr. 15, 2019). Moreover, LHWA's complaint and claims are a near mirror image of WVRC's, and the effects of the injunction extend equally to LHWA. Thus, the injunction affords judicial protection to both Plaintiffs. A stay of the proceedings and deadlines would not affect that protection.

Moreover, the Fourth Circuit has set an expedited schedule for the appeal, with briefing scheduled to conclude on November 12, 2025 at the latest. The expedited schedule should accordingly mitigate any concerns about undue delay. And in any event, WVRC's own three-year

---

[1] Although Chemours does not request a stay of the preliminary injunction, it reserves the right to seek such relief if appropriate.

11

delay in seeking a preliminary injunction—and LHWA's decision to move to intervene five months into the case—undercut any potential argument about the need for speed.

## CONCLUSION

For the reasons stated above, Chemours respectfully requests that the Court grant a stay of the proceedings and deadlines pending the Fourth Circuit's decision on Chemours's appeal of the preliminary injunction.

**THE CHEMOURS COMPANY FC, LLC**

**By: SPILMAN THOMAS & BATTLE, PLLC**

/s/ *Clifford F. Kinney, Jr.*
David L. Yaussy (WV State Bar No. 4156)
Clifford F. Kinney, Jr. (WV State Bar No. 6220)
Joseph A. Ford (WV State Bar No. 12984)
Niall A. Paul (WV State Bar No. 5622)
SPILMAN THOMAS & BATTLE, PLLC
300 Kanawha Boulevard, East
Charleston, WV 25301
(304) 340-3800
(304) 340-3801 (*facsimile*)
dyaussy@spilmanlaw.com
ckinney@spilmanlaw.com
jford@spilmanlaw.com
npaul@spilmanlaw.com

James A. Walls (WV State Bar No. 5175)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800
Morgantown, WV 26501
(304) 291-7920
(304) 291-7979 (*facsimile*)
jwalls@spilmanlaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

**WEST VIRGINIA RIVERS COALITION, INC., and**
**LITTLE HOCKING WATER ASSOCIATION, INC.,**

    Plaintiffs,

v.                                     Civil Action No. 2:24-cv-00701

**THE CHEMOURS COMPANY FC, LLC,**

    Defendant.

## CERTIFICATE OF SERVICE

I, Clifford F. Kinney, Jr., hereby certify that on August 19, 2025 I electronically filed the foregoing "**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR STAY OF PROCEEDINGS AND DEADLINES PENDING THE FOURTH CIRCUIT'S DECISION ON APPEAL**" via the Court's CM/ECF electronic filing system, which will send notification to all e-filing participants in this action.

                                                  */s/ Clifford F. Kinney, Jr.*
                                                  Clifford F. Kinney, Jr. (WV State Bar No. 6220)

