**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

**WEST VIRGINIA RIVERS COALITION, INC., and**
**LITTLE HOCKING WATER ASSOCIATION, INC.**

**Plaintiffs,**

**v.** **CIVIL ACTION NO. 2:24-cv-00701**

**THE CHEMOURS COMPANY FC, LLC,**

**Defendant.**

**DEFENDANT'S RESPONSE IN SUPPORT OF**
**WEST VIRGINIA RIVERS COALITION'S MOTION TO DISMISS**

Defendant The Chemours Company FC, LLC ("Chemours") submits this Response supporting Plaintiff West Virginia Rivers Coalition, Inc.'s ("WVRC") Motion to Dismiss Its Claims with Prejudice, ECF No. 221. On July 10, 2026, WVRC moved pursuant to Federal Rule of Civil Procedure 41(a)(2) to dismiss its claims. As WVRC noted, Chemours consents to the Motion. *Id.* at 2. WVRC so moved for two reasons. First, WVRC and Chemours entered into a settlement agreement on June 23, 2026. *See id.* Second, the United States filed its own enforcement action against Chemours—*United States of America et al. v. The Chemours Company et al.*, No. 2:26-cv-00418 (S.D.W. Va. 2026)—which addresses the same alleged Clean Water Act violations raised in WVRC's Complaint, ECF No. 1. Plaintiff-Intervenor Little Hocking Water Association, Inc. ("LHWA") responded to WVRC's Motion, *see* ECF No. 222, "request[ing] that the Court not take action on WVRC's Motion . . . until [LHWA] has time to evaluate the effect of" WVRC's Motion and the government action "on [LHWA's] pending claims." *Id.* at 2.

LHWA's request that the Court not rule on WVRC's Motion for an unspecified amount of time is improper for at least two reasons. *First*, WVRC and LHWA are separate plaintiffs; like any plaintiff in any civil action, WVRC is entitled to invoke Rule 41 to dismiss its own claims without

interference from parties on the same side of the table. *See Smith v. Green Tree Servicing, LLC*, No. 2:09-CV-710, 2010 WL 1050350, at *5 (S.D.W. Va. Mar. 18, 2010) (dismissing, in a two-plaintiff action, one plaintiff and its claims pursuant to Rule 41). To the extent any party can validly interfere with a Rule 41 dismissal, that ability belongs to the *opposite* side of the table. *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986) (noting that "[a] plaintiff's motion under Rule 41(a)(2) for dismissal . . . should not be denied absent substantial prejudice to the *defendant*") (emphasis added). Chemours, the party opposite WVRC and LHWA, consents to WVRC's Motion and does not argue prejudice from it.

*Second*, LHWA misleadingly groups WVRC's Motion and the government enforcement action, creating the false impression that they are interdependent and that a ruling on WVRC's Motion will impede LHWA's ability to review the government materials. ECF No. 222 at 2. To the extent LHWA "needs time to evaluate . . . the pending Chemours/US Consent Decree," ECF No. 222 at 2, it already has it: the 30-day public comment period. *See* 28 C.F.R. § 50.7 (providing 30 days before entry of a consent decree to allow "any written comments, views or allegations relating to the proposed judgment" to be received and considered). The Court's ruling on WVRC's Motion has no effect on the 30-day comment period or on LHWA's entitlement to comment if it so chooses.

Finally, Chemours hereby reserves the right to challenge LHWA's ability to maintain this action following further developments in this case and in the government's lawsuit.

## **CONCLUSION**

For the reasons stated above, Chemours respectfully requests that the Court grant WVRC's Motion to Dismiss Its Claims with Prejudice.

**THE CHEMOURS COMPANY FC, LLC**

**By: SPILMAN THOMAS & BATTLE, PLLC**

/s/ *Clifford F. Kinney, Jr.*
David L. Yaussy (WV State Bar No. 4156)
Clifford F. Kinney, Jr. (WV State Bar No. 6220)
Joseph A. Ford (WV State Bar No. 12984)
Niall A. Paul (WV State Bar No. 5622)
SPILMAN THOMAS & BATTLE, PLLC
300 Kanawha Boulevard, East
Charleston, WV 25301
(304) 340-3800
(304) 340-3801 (*facsimile*)
dyaussy@spilmanlaw.com
ckinney@spilmanlaw.com
jford@spilmanlaw.com
npaul@spilmanlaw.com

James A. Walls (WV State Bar No. 5175)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800
Morgantown, WV 26501
(304) 291-7920
(304) 291-7979 (*facsimile*)
jwalls@spilmanlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

**WEST VIRGINIA RIVERS COALITION, INC., and**
**LITTLE HOCKING WATER ASSOCIATION, INC.**

**Plaintiffs,**

**v.** **CIVIL ACTION NO. 2:24-cv-00701**

**THE CHEMOURS COMPANY FC, LLC,**

**Defendant.**

## CERTIFICATE OF SERVICE

I, Clifford F. Kinney, Jr., hereby certify that on July 16, 2026 I electronically filed the foregoing "**Defendant's Response in Support of West Virginia Rivers Coalition's Motion to Dismiss**" via the Court's CM/ECF electronic filing system, which will send notification to all e-filing participants in this action.

/s/ *Clifford F. Kinney, Jr.*
Clifford F. Kinney, Jr. (WV State Bar No. 6220)