**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

WEST VIRGINIA RIVERS COALITION, INC.,

      Plaintiff,

      and

LITTLE HOCKING WATER ASSOCIATION, INC.

      Intervenor-Plaintiff,

v.                              CIVIL ACTION NO.  2:24-cv-00701

THE CHEMOURS COMPANY FC, LLC,

      Defendant.

**ORDER**

Everyone agrees that Defendant Chemours Company FC, LLC ("Chemours") has violated its permit to emit HFPO-DA at its Washington Works plant. *W. Va. Rivers Coalition, Inc. v. Chemours Company FC, LLC*, 178 F.4th 102, 109 (4th Cir. 2026) (stating that everyone agrees about the violations but casting doubt on the effect of those violations). And on August 7, 2025, this court granted Plaintiff West Virginia Rivers Coalition, Inc.'s ("WVRC") motion for a preliminary injunction and enjoined Defendant Chemours from its violative conduct.[1] As the court recognized, this kind of pollution—unpermitted, dangerous, and ceaseless—transcends both time and the corporate organization of Defendant Chemours and its predecessor E.I. DuPont de

---

[1] Nearly a year later, the Fourth Circuit vacated the injunction, holding that although Chemours violated its permit on multiple occasions, and "Clean Water Act violation[s] [are] serious," an "injunction is a step too far." *W. Va. Rivers Coalition, Inc. v. Chemours Company FC, LLC*, 178 F.4th 102, 119 (4th Cir. 2026). Specifically, the Fourth Circuit held that the court's finding of irreparable harm to Plaintiff Ms. Robinson constituted clear error based on the record and the court's reliance on Plaintiff's expert. *Id.* at 118–19.

Nemours & Co., Inc. *See W. Va. Rivers Coalition, Inc. v. Chemours Company FC, LLC*, 793 F. Supp. 3d 790, 799–800 (S.D. W. Va. 2026) (recounting the history of Chemours/DuPont pollution and noting that "[i]t is true that Defendant's history with persistent toxic discharges is long").

Now, Plaintiff WVRC moves to dismiss its claims with prejudice, [ECF No. 221], because it has reached an agreement with Defendant Chemours to settle its claims. *See United States v. The Chemours Company*, No. 2:26-cv-00418, [ECF No. 1] (S.D. W. Va. June 24, 2026) (Goodwin, J.). Plaintiff asserts that under Federal Rule of Civil Procedure 41 the court can dismiss Plaintiff and all of its claims even as Intervenor Plaintiff Little Hocking Water Association, Inc. ("LHWA") remains active in the case. [ECF No. 221, at 2]. I agree.[2]

Intervenor Plaintiff LHWA responded to WVRC's motion, and it asked the court to "not take action on WVRC's Motion to Dismiss until Little Hocking has time to evaluate the effect of these material events on its pending claims." [ECF No. 222]. That was filed on July 14, 2026, and as of filing this order, LHWA has not filed any further motion or memorandum. Moreover, LHWA's request for time, at least in some form, is already part of the process for a consent decree in which the United States is a party. *See* 28 C.F.R. § 50.7(b) (setting a thirty-day public comment period in which the Department of Justice is to "receive and consider, and file with the court, any written

---

[2] The pertinent rule states:

> (2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). Note that the rule states an "action" may be dismissed, but here the Plaintiff and Plaintiff's Complaint will be dismissed while the litigation will still be active between Intervenor Plaintiff and Defendant. Nonetheless, the court is satisfied that dismissal of WVRC is proper under the rules. First, the rule already contemplates a counterclaim in a case, where there are basically two actions in one. That is the case here except with an Intervenor, properly intervening, and the Intervenor's own complaint and its specific allegations of liability. [ECF No. 86] (Intervenor Plaintiff Complaint). Second, no party contests dismissal of WVRC. Lastly, forcing a plaintiff to litigate a case in which it reached an agreement to settle claims with the defendant risks extinguishing the court's jurisdiction as a "case" or "controversy" would no longer exist.

comments, views, or allegations relating to the proposed judgment."). Defendant Chemours responded to WVRC's motion to dismiss its claims with prejudice, [ECF No. 223]. Defendant, of course, urges the court to dismiss WVRC's claims against it. *Id.* Defendant also asserts that the court need not grant LHWA's request to stall any decision on the motion. *Id.*

Seeing that WVRC and Chemours settled, no party opposes dismissal, no prejudice would result from dismissal, and it is proper under Rule 41, the court **GRANTS** WVRC's motion to dismiss its claims against Chemours, **[ECF No. 221]**. WVRC's claims against Chemours are **DISMISSED with prejudice**, and WVRC is dismissed as a plaintiff in this case. The case shall remain active between Plaintiff LHWA and Defendant Chemours.

It is further **ORDERED** that the remaining parties, LHWA and Chemours, file a memorandum **no later than August 17, 2026**, assessing the effect of the agreement and consent decree on LHWA's claims and this case. If they wish, the parties may respond to those memoranda no later than **August 24, 2026.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     August 3, 2026

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

3