**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

LITTLE HOCKING WATER ASSOCIATION, INC.

Plaintiff,

v. CIVIL ACTION NO. 2:24-cv-00701

THE CHEMOURS COMPANY FC, LLC,

Defendant.

**ORDER**

On August 3, 2026, the court dismissed Plaintiff West Virginia Rivers Coalition, Inc. on its own motion because it reached an agreement with Defendant Chemours Company FC, LLC, to settle its claims. [ECF No. 224]; *see also United States v. The Chemours Company*, No. 2:26-cv-00418, [ECF No. 1] (S.D. W. Va. June 24, 2026) (Goodwin, J.). In that same order the court directed the remaining parties—Defendant Chemours and Plaintiff Little Hocking Water Association, Inc. ("LHWA")—to brief the effect of the consent decree on LHWA's remaining claims against Chemours.

The parties both briefed the issue as directed, and they reached the same conclusion: the effect of the consent decree cannot be fully known until the consent decree is finalized, the public-comment period concluded, the Department of Justice actually moves for entry of the consent decree, and this court has a chance to consider and approve some or all of the decree.[1] [ECF Nos.

[1] To the extent the parties spent time responding in opposition to immaterial arguments, [ECF Nos. 229, 230], the court disregards it as untimely and improperly filed. As the parties observed, [ECF Nos. 225, 226], until the consent decree is finalized by this court, argument about its effect is misplaced and premature.

225, 226]. Memorializing their agreement, the parties now move jointly to stay this case pending resolution of the consent decree in 2:26-cv-00418. [ECF No. 227] (Joint Motion to Stay).

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The decision to grant or deny a stay therefore rests within the sound discretion of the district court and requires the court to "balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977) (citing *Landis*, 299 U.S. at 254).

I find that a stay is appropriate in this case for a number of reasons. First, a stay will promote judicial economy as the court and the parties can devote their time to the matters of the consent decree first and then this case after. The parties agree that the consent decree could have some effect, but until it is finalized, its effect is not easily ascertainable. Second, the court does not find that a stay would prejudice either party—indeed, the parties agree—and they jointly move for a stay. Lastly, there is no asserted hardship inflicted upon nor improper advantage gained by either party in granting a stay. And the court agrees. A stay is in the best interests of the parties and the public until the consent decree is finalized.

For the foregoing reasons, the Joint Motion to Stay, [**ECF No. 227**], is **GRANTED**. It is hereby **ORDERED** as follows:

1. This action is **STAYED** in its entirety for **ninety (90) days** from the entry of this Order;
2. During the stay this matter shall be **CLOSED** and removed from the active docket;

3. All discovery obligations, scheduling deadlines, and merits-related proceedings are **STAYED** during that period;
4. The court will enter an Amended Scheduling Order, if necessary, upon lifting of the stay;
5. The parties shall file a joint status report every **thirty (30) days** advising the court of the status of the consent decree and whether a continued stay is warranted; and
6. Any party may move to lift, extend, or modify the stay upon a material change in the circumstances of the consent decree in 2:26-cv-00418.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 31, 2026

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE